FILED

FEB 1 9 2008

Feb 19 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KARL T. MUTH, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No.: |
| ENTERPRISE RENT-A-CAR, INC. a Missouri corporation, | ) ) ) ) | Amount Claimed: $2,100.00 |
| AMERICAN RECOVERY SYSTEMS, INC. d/b/a ARS, an Illinois Corporation, | ) ) ) ) ) | 08CV 1025 JUDGE ST. EVE MAGISTRATE JUDGE COLE |
| Defendants. | ) ) | |

COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, Karl T. Muth, *pro se*, for his complaint alleges as follows:

1. This is an action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (West 2006), to secure permanent injunctive relief and to secure, in addition, money damages in the amount of One Thousand Dollars ($1000.00), plus court costs, against Defendant American Recovery Systems for willful violation of the Fair Credit Reporting Act pursuant to § 602 of the Act.

2. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., also known as Title VIII of the Consumer Credit Protection Act, to secure permanent injunctive relief against Defendants.

3. This is an action under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 et seq. to secure permanent injunctive relief and other equitable relief against Defendants for engaging in unfair or deceptive acts or practices in violation of 815 ILCS 505/2.

THE PARTIES

4. Plaintiff, Karl T. Muth ("Muth") is a resident of the State of Illinois at 61 West 15th Street #208, Chicago, Illinois 60605.

1

5. Defendant Enterprise Rent-A-Car ("Enterprise") is a Missouri corporation, with its principal place of business at 600 Corporate Park Drive, Saint Louis, Missouri 63105. Enterprise-Parent's principal business is the rental of motor vehicles to consumers. It transacts business at over 900 locations internationally. Enterprise transacts business in this District.

6. At all times material herein, Defendant Enterprise employed Defendant American Recovery Systems, Inc. ("ARS"), an Illinois corporation, a debt collection company, and a "consumer reporting agency" ("CRA") as defined in Section 603(f) of the Fair Credit Reporting Act. ARS transacts business in this District and keeps its principal place of business at 1699 Wall Street, Mount Prospect, Illinois 60056.

JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the Plaintiff's Federal claims under 28 U.S.C. §§ 1331, which allows claims arising under a federal question to be heard in federal court, as well as 1337(a), 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692(k)(d). This Court has subject matter jurisdiction over Plaintiff's Illinois Consumer Fraud and Deceptive Practices Act claims under 28 U.S.C. 1367(a), as the federal claims at issue have sufficient substance to confer subject matter jurisdiction to the Court and the state and federal claims derive from a common nucleus of operative fact. See Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995).

8. Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. 1391(b) and (c). Plaintiff has chosen the Northern District of Illinois because it is where Defendant American Recovery Systems, Inc. is incorporated and where Plaintiff lives and was illegally harassed and misled by Defendants. Furthermore, Plaintiff may properly specify the Northern District of Illinois as venue under § 1391(b)(2) because it is the judicial district where a substantial part of the events giving rise to the claims occurred.

BACKGROUND

9. On or about March 3, 2007, Enterprise rented a white Pontiac Grand Prix (the "Pontiac") to Plaintiff ("Muth"). Muth operated the vehicle without incident, driving it from Enterprise's place of

2

business at 135 East 47th Street, New York, NY 10017-2007 in New York City to the Borgata Hotel in Atlantic City and back to the same location in New York City.

10. Muth returned the Pontiac to Enterprise in the same or substantially the same condition, without any damage, on or about March 6, 2007. An agent of Enterprise took possession of the Pontiac and acknowledged its acceptable condition. A true and correct copy of the rental contract document is attached hereto as Exhibit A.

11. Weeks after Muth returned the Pontiac to Enterprise, Enterprise called Muth, claiming Muth damaged the Pontiac. Muth asserted that the Pontiac was returned to Enterprise undamaged.

12. Muth demanded evidence of damage to the Pontiac, such as a digital photograph, which Enterprise failed to timely produce. Muth further inquired how many people had rented the Pontiac between the time Muth returned the Pontiac to Enterprise and the time the alleged damage to the Pontiac was discovered, which Enterprise refused to disclose.

13. Muth indicated he would not remit a check to Enterprise unless it could be established that the damage occurred during Muth's possession of the Pontiac.

14. Muth received a letter dated June 22, 2007 from Kiana Watson ("Watson") of Enterprise demanding $368.20. A true and correct copy of the letter is attached hereto as Exhibit B. Muth promptly contacted Watson and informed her that he had still received no evidence that the vehicle was, in fact, damaged when he returned it to Enterprise.

15. Muth received an electronic mail message on or about June 24, 2007 with four attached photographs from Watson showing the Pontiac. A true and correct copy of each photograph is attached hereto as Exhibits C, D, E, and F.

16. The EXIF data within the photograph files, which digital cameras embed in the picture files they take, appeared to have been tampered with. Specifically, it appeared Enterprise had set the digital camera to a date and time similar to when the car was returned and then taken a photograph.

17. This is illustrated by clear inconsistencies between the data in the file and what the file purports to illustrate. For instance, a photo purported to show the Pontiac in New York City at

3

9:26pm on March 5, 2007 shows the car parked outdoors in broad daylight. A true and correct copy
of a screen showing this inconsistency is attached hereto as Exhibit G.

18. From 1989 until the present, Defendant ARS has been in the business of offering debt
collection and credit reporting services. In December of 2007, ARS began calling Muth on the
telephone several times each week, identifying itself as calling behalf of Enterprise in order to collect
debts of varying amounts. The first such call was on or about December 5, 2007. A true and correct
copy of a telephone bill showing some of the telephone interactions between Muth and ARS is
attached, four pages in length, as Exhibit H. When Muth raised a question regarding the accuracy of
the photographs provided by Enterprise, ARS threatened to make an entry on Muth's credit report.

19. As of February 12, 2008, no written communication has been received by Muth from ARS
and notice of the alleged debt under 15 U.S.C. § 1692(g)(a)(3), (g)(a)(4), and (g)(a)(5) was never
furnished. Muth was never informed by ARS of his right to dispute under 15 U.S.C. § 1692(g)(b).

20. In many instances, Enterprise's employees or agents have misrepresented the nature of the
alleged damage to the Pontiac in one or more of the following ways:

     a) by representing that the damage to the Pontiac occurred while it was in Muth's
possession;

     b) by representing that evidence existed as to damage to the Pontiac that did not, in fact,
exist;

     c) by manufacturing or altering evidence which, though flawed, might lead a person to
believe that damage existed on March 5, 2007;

     d) by failing to furnish an explanation of what evidence, if any, Enterprise can produce
that damage occurred during Muth's possession of the Pontiac, rather than subsequent to March 5,
2007.

21. In many instances, ARS's employees or agents have misrepresented the nature of their legal
obligations, in one or more of the following ways:

a) by representing that the duty to investigate disputed information that might impact the consumer's credit falls on the consumer, Muth, rather than on the agency, ARS;

b) by threatening to report negative information to credit bureaus without the required wording implemented by the U.S. Treasury Department for this purpose;

c) by threatening to "right away" report negative information without providing the 30-day window or the notice by writing provided for in the Fair Credit reporting Act, contrary to 15 U.S.C. § 1692(e) and (g);

d) by threatening to report negative information on Muth's credit as a method of attempting to intimidate Muth or motivate payment of the amount alleged to be owed, contrary to 15 U.S.C. § 1692(e)(8).

e) by failing to inform Muth of his right to dispute the debt and failing to issue a validation notice within five days of initially communicating with Muth, contrary to 15 U.S.C. § 1692(g).

f) by threatening to report false or disputed information on Muth's credit report, contrary to 15 U.S.C. § 1692(e)(8).

22. Muth never conceded liability for the underlying amount, or admitted that there was damage to the Pontiac. Muth never failed to dispute the debt in writing within the 30-day window, as the 30-day window never began to run because ARS never furnished proper notice under 15 U.S.C. § 1692(g)(a).

23. In a good faith attempt to settle the dispute with Defendants, Plaintiff dispatched a letter dated January 23, 2008 and Settlement Agreement and Release dated January 22, 2008. True and correct copies of the letter and Settlement Agreement are attached hereto as Exhibits J and K, respectively. After receiving no response, Muth sent another letter and copies of the original letter and Settlement Agreement to Enterprise on February 13, 2008 via regular and certified post. A true and correct copy of this second letter, dated February 12, 2008, is attached hereto as Exhibit L; a true and correct copy of the certified mail receipt for Exhibit L is attached hereto as Exhibit M.

5

FAIR CREDIT REPORTING ACT VIOLATIONS

Count One

24. Muth re-alleges and re-asserts paragraphs 1 through 23 of his Complaint as though fully set forth herein as paragraph 24 of his Complaint.

25. In the course and conduct of its debt collection business, Defendant ARS has represented, expressly or by implication, that Muth would:

        a) be subject to instantaneous or arbitrary reports affecting his credit;

        b) not be able to object if ARS reported inaccurate information to credit agencies;

        c) be the one responsible for investigating disputed information.

26. In truth and in fact, in many instances, Muth was not subject to arbitrary reports without warning affecting his credit, was able to object to inaccuracies in ARS's reporting, and ARS and the credit agencies -- rather than Muth -- were responsible for ensuring the accuracy of credit bureau information.

27. Defendant ARS engaged in, or caused others to engage in, practices that constitute deceptive acts inconsistent with what the law requires of consumer reporting agencies as defined in § 603(f) of the Fair Credit Reporting Act where the information dealt with is of the sort contemplated in § 603(d).

28. Pursuant to 15 U.S.C. § 1681(a)(4) and (b), efforts by consumer reporting agencies such as Defendant ARS that prioritize the need for collection success above the need for accurate and relevant information run counter to -- and violate -- the Fair Credit Reporting Act. The lack of proper notice and the mischaracterization of the relationship between ARS and Muth are exactly the sorts of unreasonable procedures 15 U.S.C. § 1681(b) was crafted to combat.

29. ARS's consistent and willful disregard of the Fair Credit Reporting Act makes damages under 15 U.S.C. § 1681(n) appropriate. Alternatively, should this Court find that ARS acted negligently rather than with willful disregard of the Fair Credit Reporting Act, damages under 15 U.S.C. § 1681(o) are appropriate.

WHEREFORE, Plaintiff, Muth, requests this Court to award One Thousand dollars ($1,000.00) as provided for under 15 U.S.C. § 1681(n)(b) and One Hundred dollars ($100.00) as provided for under 15 U.S.C. § 1681(n)(a)(1)(A) and the costs of this action as provided for under 15 U.S.C. § 1681(o)(a)(2).

### FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

### Count Two

30. Muth re-alleges and re-asserts paragraphs 1 through 29 of his Complaint as though fully set forth herein as paragraph 30 of his Complaint.

31. In the course of attempting to collect money from Muth, Defendant ARS has caused misrepresentations contrary to the Fair Debt Collection Practices Act to be made to Muth, including misrepresentations involving substantive rights enumerated under the statute.

32. Defendants threatened Muth, or caused Muth to be threatened, with erroneous changes to his credit history or entries on records represented to be related to his credit history in violation of 15 U.S.C. § 1692(e)(8).

33. Defendant ARS failed to notify Muth in writing of its intentions within five days of initially contacting Muth, in violation of 15 U.S.C. § 1692(g).

34. Defendants failed to notify Muth of his right to contest the debt in question in writing within the 30-day window provided by 15 U.S.C. § 1692(g).

35. Defendants failed to acknowledge, note, or communicate that Muth disputed the debt, in violation of 15 U.S.C. § 1692(e)(8).

36. Defendants demanded amounts in excess of the amount Enterprise, at any time, alleged was owed contractually or under any other theory, in violation of 15 U.S.C. § 1692(f)(1).

37. By engaging in violations of the Fair Debt Collection Practices Act, Defendants are vulnerable to a claim for money damages in view of 15 U.S.C. § 1692(k)(a)(2)(a).

WHEREFORE, Plaintiff, Muth, requests this Court to award money damages in the amount of One Thousand Dollars ($1,000.00), an amount available in view of 15 U.S.C. § 1692(k)(a)(2)(a) and 15 U.S.C. § 1692(k)(b)(1).

ILLINOIS CONSUMER FRAUD AND DECEPTIVE PRACTICES ACT VIOLATIONS

Count Three

38. Muth re-alleges and re-asserts paragraphs 1 through 37 of his Complaint as though fully set forth herein as paragraph 38 of his Complaint.

39. By engaging in the practices set forth in paragraphs 18-22, 25, and 27-28 above, Defendants have engaged in deceptive practices in or affecting commerce in violation of Section 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

40. By not disclosing Muth's right to contest the debt in question and by not contacting Muth, in writing, using the approved statutory language, Defendant ARS engaged in the "concealment, suppression or omission" of a material fact, as contemplated by the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. Court costs are available under 815 ILCS 505. See Molden v. Reid, 200 Ill.App.3d 495, 558 N.E.2d 239, 146 Ill.Dec.276 (Ill. App. 1st Dist. 1990).

WHEREFORE, Plaintiff, Muth, requests this Court to award Plaintiff his court costs and such other relief as this Court deems just.

8

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Muth, pursuant to 15 U.S.C. § 1681(n), 15 U.S.C. § 1681(o), 15 U.S.C. § 1692(k), the Illinois Consumer Fraud and Deceptive Practices Act, and the Court's own equitable powers, request that this Court:

1. Enter judgment against Defendants and in favor of Plaintiff for each violation alleged in this complaint;

2. Enter a declaratory judgment that Plaintiff owes a sum of zero dollars ($0) to Defendants as to the alleged debt in question;

3. Award to Plaintiff and against Defendants One Thousand dollars ($1,000.00) as provided for under 15 U.S.C. § 1681(n)(b) and One Hundred dollars ($100.00) as provided for under 15 U.S.C. § 1681(n)(a)(1)(A);

4. Award the costs of this action as provided for under 15 U.S.C. § 1681(o)(a)(2);

5. Award to Plaintiff and against Defendants in the amount of One Thousand dollars ($1,000.00), the maximum money damages amount available in view of 15 U.S.C. 1692(k)(a)(2)(a).

6. Such other relief as may be just and proper.

Karl T. Muth
61 West 15th Street #208
Chicago, Illinois 60605
312.952.6000 / rhetoric@aol.com

Karl T. Muth, *pro se*

9

Index of Exhibits

A.    Contracts by and between Enterprise and Muth
B.    Letter from Enterprise to Muth (Dated June 22, 2007)
C.    Photograph of Pontiac
D.    Photograph of Pontiac
E.    Photograph of Pontiac
F.    Photograph of Pontiac
G.    Computer Screen Showing Photograph EXIF Data
H.    Portions of Muth's Telephone Bill (Four Pages in Total)
I.    --- Intentionally Omitted ---
J.    Letter from Muth to Enterprise (Dated January 23, 2008)
K.    Settlement Agreement offered by Muth to Enterprise (Dated January 22, 2008)
L.    Letter from Muth to Enterprise (Dated February 12, 2008)
M.    Certified Mail receipt for Exhibit L (Dated February 13, 2008)
1.    Affidavit of Karl T. Muth



JUN-22-2007 FRI 05:29 PM ENTERPRISE RENT A CAR        FAX NO. 7186258165        P. 01



45 Main St, Suite 300
Brooklyn, NY 11201
718-625-4400


June 22, 2007



**KARL MUTH**
**435 S LINCOLN LANE**
**CHICAGO, IL 60605-2857**

Re:    Enterprise File Number:  DX24G3BG6
       Date of Loss:            03/06/07
       Amount Due:              $368.20

Dear Sir/Madam:


We have been advised that the vehicle you rented from Enterprise Rent-A-Car was returned with damage. As you may already be aware, by not purchasing the Damage Waiver protection, you accepted responsibility for and damages incurred to our vehicle during your rental period.

Before we contact your insurance company, we need additional information from you.  If you prefer to handle this through your insurance carrier, they must have the claim reported by you and issue a claim number before they can pay for the damages.  Please complete the insurance information section below and return it along with your deductible so we may follow up with your carrier.

If you do not have coverage for this loss or if you wish to handle this matter without your insurance, please remit the total amount due so that your account can be credited and this file closed.  Should you have questions or wish to discuss a viable payment program, please contact me at the above number.

Thank you for your attention to this matter.  My file will be on a ten (10) day diary for your payment / response.

Sincerely,


Kiana Watson
Loss Control Administrator
718-625-4400 ext 230
718-304-7768 fax
Kiana.m.watson@erac.com

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Insurance Company: _____

Policy #: _____    Claim #: _____

Adjuster: _____    Phone #: _____

DX24

B







E

Bill Summary & Call Details

| 83 | 12/01/2007 | 12:01AM | 773-414- | 3 | 0.00 | 0.00 | 0.00 |
|----|------------|---------|----------|---|------|------|------|
| 84 | 12/01/2007 | 1:30PM | 773-414- | 2 | 0.00 | 0.00 | 0.00 |
| 85 | 12/01/2007 | 1:32PM | 773-414- | 2 | 0.00 | 0.00 | 0.00 |
| 86 | 12/01/2007 | 1:35PM | 773-414- | 34 | 0.00 | 0.00 | 0.00 |
| 87 | 12/01/2007 | 2:58PM | 773-414- | 2 | 0.00 | 0.00 | 0.00 |
| 88 | 12/01/2007 | 3:26PM | 773-414- | 1 | 0.00 | 0.00 | 0.00 |
| 89 | 12/01/2007 | 3:26PM | 773-414- | 1 | 0.00 | 0.00 | 0.00 |
| 90 | 12/01/2007 | 3:54PM | 773-414- | 3 | 0.00 | 0.00 | 0.00 |
| 91 | 12/01/2007 | 4:03PM | 773-414- | 1 | 0.00 | 0.00 | 0.00 |
| 92 | 12/01/2007 | 6:27PM | 773-414- | 3 | 0.00 | 0.00 | 0.00 |
| 93 | 12/01/2007 | 7:24PM | 773-414- | 4 | 0.00 | 0.00 | 0.00 |
| 94 | 12/01/2007 | 7:34PM | 773-414- | 1 | 0.00 | 0.00 | 0.00 |
| 95 | 12/02/2007 | 1:29PM | 312-587- | 2 | 0.00 | 0.00 | 0.00 |
| 96 | 12/02/2007 | 3:29PM | 773-414- | 7 | 0.00 | 0.00 | 0.00 |
| 97 | 12/02/2007 | 6:40PM | 773-414- | 1 | 0.00 | 0.00 | 0.00 |
| 98 | 12/02/2007 | 8:30PM | 773-816- | 4 | 0.00 | 0.00 | 0.00 |
| 99 | 12/02/2007 | 8:46PM | 312-431- | 2 | 0.00 | 0.00 | 0.00 |
| 100 | 12/02/2007 | 8:52PM | 312-431- | 1 | 0.00 | 0.00 | 0.00 |
| 101 | 12/02/2007 | 9:13PM | 312-922- | 2 | 0.00 | 0.00 | 0.00 |
| 102 | 12/02/2007 | 9:43PM | 773-414- | 82 | 0.00 | 0.00 | 0.00 |
| 103 | 12/03/2007 | 3:04PM | 773-414- | 17 | 0.00 | 0.00 | 0.00 |
| 104 | 12/03/2007 | 3:40PM | 773-414- | 7 | 0.00 | 0.00 | 0.00 |
| 105 | 12/03/2007 | 3:49PM | 773-375- | 1 | 0.00 | 0.00 | 0.00 |
| 106 | 12/03/2007 | 5:36PM | 312-206- | 34 | 0.00 | 0.00 | 0.00 |
| 107 | 12/03/2007 | 8:11PM | 773-414- | 1 | 0.00 | 0.00 | 0.00 |
| 108 | 12/04/2007 | 11:52AM | 312-225- | 1 | 0.00 | 0.00 | 0.00 |
| 109 | 12/04/2007 | 1:02PM | 773-414- | 2 | 0.00 | 0.00 | 0.00 |
| 110 | 12/04/2007 | 1:10PM | 773-414- | 1 | 0.00 | 0.00 | 0.00 |
| 111 | 12/04/2007 | 9:07PM | 773-414- | 1 | 0.00 | 0.00 | 0.00 |
| 112 | 12/05/2007 | 9:33AM | 847-709-7580 | 1 | 0.00 | 0.00 | 0.00 |
| 113 | 12/05/2007 | 12:24PM | 312-206- | 2 | 0.00 | 0.00 | 0.00 |
| 114 | 12/05/2007 | 1:11PM | 773-220- | 1 | 0.00 | 0.00 | 0.00 |
| 115 | 12/05/2007 | 1:32PM | 773-414- | 6 | 0.00 | 0.00 | 0.00 |
| 116 | 12/05/2007 | 2:31PM | 312-206- | 2 | 0.00 | 0.00 | 0.00 |
| 117 | 12/05/2007 | 2:34PM | 312-206- | 9 | 0.00 | 0.00 | 0.00 |

Bill Summary & Call Details



 **at&t**

## Bill Summary & Call Details

Account Owner: KARL T MUTH, Account Number: 28576███

## Wireless Statement Summary

Select Bill Period: 12/24/07 - 01/23/08 ▦ ▶          View Full Bill

| BILL SUMMARY | **CALL DETAILS** |

Wireless Number: 312-952-6000 ▦ ▶

Select the type of details to view:

Phone Book (What's this?)
**On** | Off | Manage

**Voice** | Roaming Voice | Data | Roaming Data

**Voice Details**                                          Download Call Details

1 | VIEW ALL

| # | DATE | TIME | NUMBER CALLED | MIN | AIRTIME CHARGE | LD/ADD'L CHARGE | TOTAL CHARGE |
|---|------|------|---------------|-----|----------------|-----------------|--------------|
| 1 | 01/13/2008 | 11:11PM | 425-502-█ | 1 | 0.00 | 0.00 | 0.00 |
| 2 | 01/14/2008 | 12:25AM | 312-225-█ | 1 | 0.00 | 0.00 | 0.00 |
| 3 | 01/14/2008 | 1:10AM | 425-502-█ | 1 | 0.00 | 0.00 | 0.00 |
| 4 | 01/14/2008 | 11:03AM | 312-206-█ | 3 | 0.00 | 0.00 | 0.00 |
| 5 | 01/14/2008 | 12:24PM | 312-206-█ | 2 | 0.00 | 0.00 | 0.00 |
| 6 | 01/14/2008 | 12:39PM | 312-987-█ | 11 | 0.00 | 0.00 | 0.00 |
| 7 | 01/14/2008 | 12:56PM | 312-206-█ | 2 | 0.00 | 0.00 | 0.00 |
| 8 | 01/14/2008 | 4:33PM | 800-742-█ | 6 | 0.00 | 0.00 | 0.00 |
| 9 | 01/14/2008 | 4:53PM | 312-926-█ | 1 | 0.00 | 0.00 | 0.00 |
| 10 | 01/14/2008 | 4:54PM | 312-917-█ | 6 | 0.00 | 0.00 | 0.00 |
| 11 | 01/14/2008 | 5:37PM | 312-942█ | 1 | 0.00 | 0.00 | 0.00 |
| 12 | 01/14/2008 | 6:20PM | 847-709-7580 | 6 | 0.00 | 0.00 | 0.00 |

https://www.wireless.att.com/view████████

2/13/2008

H₂

Bill Summary & Call Details

| 13 | 01/14/2008 | 6:46PM | 847-709-7580 | 1 | 0.00 | 0.00 | 0.00 |
|----|------------|--------|--------------|---|------|------|------|
| 14 | 01/14/2008 | 9:38PM | 312-206■ | 4 | 0.00 | 0.00 | 0.00 |
| 15 | 01/15/2008 | 9:13AM | 312-225-■ | 2 | 0.00 | 0.00 | 0.00 |
| 16 | 01/15/2008 | 10:10AM | 425-985-■ | 1 | 0.00 | 0.00 | 0.00 |
| 17 | 01/15/2008 | 10:12AM | 630-562■ | 2 | 0.00 | 0.00 | 0.00 |
| 18 | 01/15/2008 | 10:20AM | 847-2594■ | 2 | 0.00 | 0.00 | 0.00 |
| 19 | 01/15/2008 | 10:22AM | 425-882-■ | 2 | 0.00 | 0.00 | 0.00 |
| 20 | 01/15/2008 | 11:00AM | 425-502-■ | 3 | 0.00 | 0.00 | 0.00 |
| 21 | 01/15/2008 | 11:13AM | 317-508-■ | 2 | 0.00 | 0.00 | 0.00 |
| 22 | 01/15/2008 | 11:17AM | 425-502-■ | 4 | 0.00 | 0.00 | 0.00 |
| 23 | 01/15/2008 | 12:49PM | 312-206■ | 1 | 0.00 | 0.00 | 0.00 |
| 24 | 01/15/2008 | 12:55PM | 312-225■ | 1 | 0.00 | 0.00 | 0.00 |
| 25 | 01/15/2008 | 1:43PM | 312-332-■ | 10 | 0.00 | 0.00 | 0.00 |
| 26 | 01/15/2008 | 3:01PM | 773-816-■ | 7 | 0.00 | 0.00 | 0.00 |
| 27 | 01/15/2008 | 3:10PM | 425-502-■ | 10 | 0.00 | 0.00 | 0.00 |
| 28 | 01/15/2008 | 4:00PM | 847-687■ | 1 | 0.00 | 0.00 | 0.00 |
| 29 | 01/15/2008 | 5:12PM | 917-399-■ | 1 | 0.00 | 0.00 | 0.00 |
| 30 | 01/15/2008 | 5:17PM | 917-399-■ | 2 | 0.00 | 0.00 | 0.00 |
| 31 | 01/15/2008 | 5:17PM | 415-568■ | 1 | 0.00 | 0.00 | 0.00 |
| 32 | 01/15/2008 | 5:52PM | 415-246-■ | 2 | 0.00 | 0.00 | 0.00 |
| 33 | 01/16/2008 | 5:01PM | 312-206-■ | 4 | 0.00 | 0.00 | 0.00 |
| 34 | 01/16/2008 | 5:24PM | 312-206-■ | 4 | 0.00 | 0.00 | 0.00 |
| 35 | 01/16/2008 | 5:41PM | 312-206-■ | 1 | 0.00 | 0.00 | 0.00 |
| 36 | 01/17/2008 | 11:15AM | 312-225■ | 1 | 0.00 | 0.00 | 0.00 |
| 37 | 01/17/2008 | 11:58AM | 720-231-■ | 12 | 0.00 | 0.00 | 0.00 |
| 38 | 01/17/2008 | 12:10PM | 847-687■ | 1 | 0.00 | 0.00 | 0.00 |
| 39 | 01/17/2008 | 3:31PM | 847-687■ | 2 | 0.00 | 0.00 | 0.00 |
| 40 | 01/17/2008 | 4:17PM | 773-627-■ | 1 | 0.00 | 0.00 | 0.00 |
| 41 | 01/17/2008 | 5:02PM | 312-206-■ | 3 | 0.00 | 0.00 | 0.00 |
| 42 | 01/17/2008 | 5:14PM | 312-852-■ | 14 | 0.00 | 0.00 | 0.00 |
| 43 | 01/17/2008 | 6:10PM | 773-627-■ | 3 | 0.00 | 0.00 | 0.00 |
| 44 | 01/17/2008 | 8:08PM | 312-206-■ | 3 | 0.00 | 0.00 | 0.00 |
| 45 | 01/17/2008 | 8:11PM | 312-852■ | 6 | 0.00 | 0.00 | 0.00 |
| 46 | 01/17/2008 | 9:51PM | 314-497■ | 7 | 0.00 | 0.00 | 0.00 |
| 47 | 01/18/2008 | 11:19AM | 847-687-■ | 3 | 0.00 | 0.00 | 0.00 |



Bill Summary & Call Details

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 83 | 01/22/2008 | 10:02AM | 312-852- | 20 | 0.00 | 0.00 | 0.00 |
| 84 | 01/22/2008 | 10:22AM | 312-852- | 1 | 0.00 | 0.00 | 0.00 |
| 85 | 01/22/2008 | 10:22AM | 312-852- | 1 | 0.00 | 0.00 | 0.00 |
| 86 | 01/22/2008 | 10:23AM | 312-852- | 12 | 0.00 | 0.00 | 0.00 |
| 87 | 01/22/2008 | 12:02PM | 312-852- | 43 | 0.00 | 0.00 | 0.00 |
| 88 | 01/22/2008 | 12:48PM | 312-852- | 1 | 0.00 | 0.00 | 0.00 |
| 89 | 01/22/2008 | 5:17PM | 415-246- | 16 | 0.00 | 0.00 | 0.00 |
| 90 | 01/22/2008 | 5:33PM | 917-371- | 2 | 0.00 | 0.00 | 0.00 |
| 91 | 01/22/2008 | 6:37PM | 917-523- | 1 | 0.00 | 0.00 | 0.00 |
| 92 | 01/22/2008 | 6:51PM | 312-206- | 1 | 0.00 | 0.00 | 0.00 |
| 93 | 01/22/2008 | 8:56PM | 312-852- | 1 | 0.00 | 0.00 | 0.00 |
| 94 | 01/22/2008 | 11:25PM | 312-852- | 4 | 0.00 | 0.00 | 0.00 |
| 95 | 01/23/2008 | 7:33AM | 773-301- | 1 | 0.00 | 0.00 | 0.00 |
| 96 | 01/23/2008 | 3:30PM | 312-852- | 1 | 0.00 | 0.00 | 0.00 |
| 97 | 01/23/2008 | 4:05PM | 312-852- | 27 | 0.00 | 0.00 | 0.00 |
| 98 | 01/23/2008 | 5:05PM | 847-709-7580 | 3 | 0.00 | 0.00 | 0.00 |
| 99 | 01/23/2008 | 8:15PM | 312-206- | 14 | 0.00 | 0.00 | 0.00 |
| 100 | 01/23/2008 | 8:29PM | 312-852- | 3 | 0.00 | 0.00 | 0.00 |
| 101 | 01/23/2008 | 8:32PM | 312-206- | 1 | 0.00 | 0.00 | 0.00 |
| 102 | 01/23/2008 | 9:17PM | 847-414- | 2 | 0.00 | 0.00 | 0.00 |
| 103 | 01/23/2008 | 9:19PM | 312-618- | 5 | 0.00 | 0.00 | 0.00 |
| 104 | 01/23/2008 | 9:24PM | 847-858- | 2 | 0.00 | 0.00 | 0.00 |
| 105 | 01/23/2008 | 9:30PM | 847-772- | 3 | 0.00 | 0.00 | 0.00 |
| 106 | 01/23/2008 | 9:43PM | 312-451- | 1 | 0.00 | 0.00 | 0.00 |
| 107 | 01/23/2008 | 9:51PM | 917-371- | 3 | 0.00 | 0.00 | 0.00 |
| 108 | 01/23/2008 | 9:53PM | 312-206- | 3 | 0.00 | 0.00 | 0.00 |
| **Totals** | | | | **476** | **0.00** | **0.00** | **0.00** |

1 | VIEW ALL

---

### Quick Links

Find what you're looking for. Fast.

Bill & Payments Support  [ Go ]

More Support

### Ask Us

Our interactive agent is available 24/7 to answer questions about your wireless bill and payments.

Ask Us



Enterprise Rent-A-Car
600 Corporate Park Drive                                    January 23, 2008
Saint Louis, Missouri 63105

Gentlemen,

My name is Karl Muth and I rented a vehicle from Enterprise Rent-A-Car in New York in the spring of 2007, nearly a year ago. I drove the car on three separate trips and had an opportunity to examine the vehicle each time it was returned to me, the vehicle having been valeted at each location.

After returning the vehicle to Enterprise in good condition, I was informed weeks later that damage allegedly occurred while the vehicle was in my possession. Surprised, I demanded photographs of the damage, which I had been told existed. After waiting weeks longer, I was emailed photos of a vehicle similar to the one I rented where the EXIF data on the photo files had been altered. If you like, I would be happy to explain how the file was tampered with and why the data supplied with the photos is fraudulent. In short, the date and time have been altered. No other evidence of any damage has been put forth by Enterprise or its agents.

I was contacted today by a collection agency attempting to collect this alleged debt.

Instead, I propose the attached Settlement Agreement resolve this dispute. Under the terms of the attached Agreement, I will pay one dollar ($1.00) to Enterprise Rent-A-Car in exchange for settling this matter without any further liability.

Should Enterprise or its agents make an entry on my credit report, I will file a FCRA action in federal court, as well as state tort claims for defamation of credit to the extent allowed by the laws of Illinois and New York. Should Enterprise -- or its agents -- continue to harass me after receipt of this letter or February 7, 2008, whichever is first, I will seek declaratory relief and suspect the odds are quite good a court will find that nothing is owed to Enterprise or its agents.

Hence, in my opinion, my offer to settle for one dollar ($1.00) is generous. The executed Settlement Agreement should be returned promptly to the following address, via Registered Mail, at which time I will remit a check totaling one dollar ($1.00):

Karl Muth
61 West 15th Street #208
Chicago, Illinois        60605

Regards,


Karl Muth

THIS SETTLEMENT AGREEMENT AND RELEASE OF JANUARY 22, 2008 ("Settlement Agreement") is entered into between Karl T. Muth (hereinafter "Plaintiff"), and Enterprise Rent-A-Car (hereinafter "Defendant").

RECITALS

A.  On or about June 20, 2007, Defendant contacted Plaintiff via electronic mail to collect an alleged debt.  Plaintiff promptly responded that he did not owe Defendant anything.

B.  On or about November 1, 2007, Defendant contacted, through its agent known as ARS, Plaintiff to collect an alleged debt and, when Plaintiff denied liability, threatened to make an erroneous entry on Plaintiff's credit report.

C.  On or about January 23, 2008, Plaintiff sent a Demand letter to Defendant at its place of business, 600 Corporate Park Drive, Saint Louis, Missouri 63105, requesting resolution of the dispute prior to filing a complaint.  Defendant failed to respond.

D.  The parties desire to enter into this Settlement Agreement in order to provide for certain payments in full settlement and discharge of all claims which are or might become the subject of a Complaint, upon the terms and conditions set forth herein.

AGREEMENT

The parties hereto agree as follows:

1. Release and Discharge
In consideration of Defendant's agreement to make the payment called for herein, the Plaintiff completely releases and forever discharge the Defendant, of and from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs, loss of services, expenses and compensation which the Plaintiff now has, or which may hereafter accrue or otherwise be acquired by plaintiff, on account of, or in any way growing out of the faxed advertisement.

2. Consideration
In consideration of the release set forth above, Defendant hereby agrees to pay Plaintiff one dollar ($1.00). Defendant further agrees to no longer make any verbal, facsimile, in-person, electronic, written, or other demands of Plaintiff regarding the instant matter. Defendant agrees to liquidated damages in the amount of ten thousand dollars ($10,000.00) for each communication in breach of this Clause of the Agreement.

3. Attorneys' Fees
Each party hereto shall bear its own attorneys' fees and costs arising from the actions of its own counsel in connection with the Demand and this Settlement Agreement and



incurred prior to the date of execution of the Agreement. In any action of any kind relating to this Agreement, the prevailing party shall be entitled to collect reasonable attorneys' fees and costs from the non-prevailing party in addition to any other recovery to which the prevailing party is entitled.

4. Warranty of Capacity to Execute Agreement
The Plaintiff represents and warrants that no other person or entity has or has had any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein, and that it has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Settlement Agreement.

5. Entire Agreement and Successors in Interest
This Settlement Agreement contains the entire agreement between the Plaintiff and the Defendant with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

6. Representation of Comprehension of Document
In entering into this Settlement Agreement, the Plaintiff represents that it has relied upon the legal advice of its attorneys, who are the attorneys of its own choice and that the terms of this Settlement Agreement have been completely read and explained to it by its attorneys, and that those terms are fully understood and voluntarily accepted by it.

7. Governing Law
This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Illinois. Forum shall only be proper for any ensuing litigation in the Northern District of Illinois or the Circuit Court of Cook County.

8. Additional Documents
All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

9. Effectiveness
This Settlement Agreement shall become effective on execution.


Dated: _____          _____
                                      Karl T. Muth, Plaintiff


Dated: _____          _____


                                      By: _____
                                          Defendant



Enterprise Rent-A-Car
600 Corporate Park Drive
Saint Louis, Missouri 63105

February 12, 2008

VIA CERTIFIED AND REGULAR MAIL

Gentlemen,

    My name is Karl Muth and you have failed to reply to the letter I dispatched to you dated January 23, 2008. I have enclosed a copy of the letter and the attached agreement for your reference. I write today to alert you that I have not yet received a reply of any sort, and have not received an executed copy of the Settlement Agreement, which is quite disappointing.

    Regards,

    Karl Muth

Enc.s
demandletterentrac012308-6A.doc
settleagreerel012208-4B.doc

U.S. Postal Service™ RECEIPT
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

| | |
|---|---|
| Postage | $ $0.41 |
| Certified Fee | $2.65 |
| Return Receipt Fee (Endorsement Required) | $2.15 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $5.21 |

Postmark Here
6041
17
02/13/2008

Sent To  ENTERPRISE RENT A CAR
Street, Apt No.; 600 CORPORATE DRIVE
or PO Box No.
City, State, ZIP+4  ST LOUIS MO 63105

PS Form 3800, June 2002

7004 2510 0001 9572 5925

---

02/13/2008 (312)386-3530 03:54:43 PM

LOOP STATION PO
CHICAGO, Illinois
606049998
1615420041-0085

Sales Receipt

| Product Description | Sale Unit Qty Price | Final Price |
|---|---|---|
| SAINT LOUIS MO 63105 Zone-3 First-Class Letter 1.00 oz. | | $0.41 |
| Return Rcpt (Green Card) | | $2.15 |
| Certified | | $2.65 |
| Label #: | | |
| 70042510000195725925 | | |

Issue PVI:                      $5.21
                                =======

Total:                          $5.21
                                =======

Paid by:
Cash                            $6.00
Change Due:                     -$0.79

Order stamps at USPS.com/shop or
call 1-800-Stamp24. Go to
USPS.com/clicknship to print
shipping labels with postage. For
other information call
1-800-ASK-USPS.
*********************************
"LET US DARE TO READ, THINK,
   SPEAK AND WRITE."
         -JOHN ADAMS, 1765
www.poweroftheletter.com
*********************************
Bill#:1001500448219
Clerk:17

All sales final on stamps and postage.
Refunds for guaranteed services only.
  Thank you for your business.
*********************************
   HELP US SERVE YOU BETTER

Go to: http://gx.gallup.com/pos

  TELL US ABOUT YOUR RECENT
     POSTAL EXPERIENCE

   YOUR OPINION COUNTS
*********************************
*********************************

          Customer Copy