IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC **FILED**
FEB 2 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FEB 2 6 2008

| | |
|---|---|
| KARL T. MUTH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ENTERPRISE RENT-A-CAR, )<br>  a Missouri corporation, )<br>)<br>AMERICAN RECOVERY SYSTEMS, )<br>  INC. d/b/a ARS, )<br>  an Illinois Corporation, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 08-CV-1025<br><br>Amount Claimed: $2,100.00 |

### FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Karl T. Muth, *pro se*, for his Amended Complaint alleges as follows:

1. This is an action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (West 2006), to secure permanent injunctive relief and to secure, in addition, money damages in the amount of One Thousand Dollars ($1000.00), plus court costs, against Defendant American Recovery Systems for willful violation of the Fair Credit Reporting Act pursuant to § 602 of the Act.

2. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., also known as Title VIII of the Consumer Credit Protection Act, to secure permanent injunctive relief against Defendants.

3. This is an action under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 et seq. to secure permanent injunctive relief and other equitable relief against Defendants for engaging in unfair or deceptive acts or practices in violation of 815 ILCS 505/2.

### THE PARTIES

4. Plaintiff, Karl T. Muth ("Muth") is a resident of the State of Illinois at 61 West 15th Street #208, Chicago, Illinois 60605.

1

5. Defendant Enterprise Rent-A-Car ("Enterprise") is a Missouri corporation, with its principal place of business at 600 Corporate Park Drive, Saint Louis, Missouri 63105. Enterprise-Parent's principal business is the rental of motor vehicles to consumers. It transacts business at over 900 locations internationally. Enterprise transacts business in this District.

6. At all times material herein, Defendant Enterprise employed Defendant American Recovery Systems, Inc. ("ARS"), an Illinois corporation, a debt collection company, and a "consumer reporting agency" ("CRA") as defined in Section 603(f) of the Fair Credit Reporting Act. ARS transacts business in this District and keeps its principal place of business at 1699 Wall Street, Mount Prospect, Illinois 60056.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the Plaintiff's Federal claims under 28 U.S.C. §§ 1331, which allows claims arising under a federal question to be heard in federal court, as well as 1337(a), 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692(k)(d). This Court has subject matter jurisdiction over Plaintiff's Illinois Consumer Fraud and Deceptive Practices Act claims under 28 U.S.C. 1367(a), as the federal claims at issue have sufficient substance to confer subject matter jurisdiction to the Court and the state and federal claims derive from a common nucleus of operative fact. See Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995).

8. Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. 1391(b) and (c). Plaintiff has chosen the Northern District of Illinois because it is where Defendant American Recovery Systems, Inc. is incorporated and where Plaintiff lives and was illegally harassed and misled by Defendants. Furthermore, Plaintiff may properly specify the Northern District of Illinois as venue under § 1391(b)(2) because it is the judicial district where a substantial part of the events giving rise to the claims occurred.

## BACKGROUND

9. On or about March 3, 2007, Enterprise rented a white Pontiac Grand Prix (the "Pontiac") to Plaintiff ("Muth"). Muth operated the vehicle without incident, driving it from Enterprise's place of

2

business at 135 East 47th Street, New York, NY 10017-2007 in New York City to the Borgata Hotel in Atlantic City and back to the same location in New York City.

10. Muth returned the Pontiac to Enterprise in the same or substantially the same condition, without any damage, on or about March 6, 2007. An agent of Enterprise took possession of the Pontiac and acknowledged its acceptable condition. A true and correct copy of the rental contract document is attached hereto as Exhibit A.

11. Weeks after Muth returned the Pontiac to Enterprise, Enterprise called Muth, claiming Muth damaged the Pontiac. Muth asserted that the Pontiac was returned to Enterprise undamaged.

12. Muth demanded evidence of damage to the Pontiac, such as a digital photograph, which Enterprise failed to timely produce. Muth further inquired how many people had rented the Pontiac between the time Muth returned the Pontiac to Enterprise and the time the alleged damage to the Pontiac was discovered, which Enterprise refused to disclose.

13. Muth indicated he would not remit a check to Enterprise unless it could be established that the damage occurred during Muth's possession of the Pontiac.

14. Muth received a letter dated June 22, 2007 from Kiana Watson ("Watson") of Enterprise demanding $368.20. A true and correct copy of the letter is attached hereto as Exhibit B. Muth promptly contacted Watson and informed her that he had still received no evidence that the vehicle was, in fact, damaged when he returned it to Enterprise.

15. Muth received an electronic mail message on or about June 24, 2007 with four attached photographs from Watson showing the Pontiac. A true and correct copy of each photograph is attached hereto as Exhibits C, D, E, and F.

16. The EXIF data within the photograph files, which digital cameras embed in the picture files they take, appeared to have been tampered with. Specifically, it appeared Enterprise had set the digital camera to a date and time similar to when the car was returned and then taken a photograph.

17. This is illustrated by clear inconsistencies between the data in the file and what the file purports to illustrate. For instance, a photo purported to show the Pontiac in New York City at

9:26pm on March 5, 2007 shows the car parked outdoors in broad daylight. A true and correct copy of a screen showing this inconsistency is attached hereto as Exhibit G.

18. From 1989 until the present, Defendant ARS has been in the business of offering debt collection and credit reporting services. In December of 2007, ARS began calling Muth on the telephone several times each week, identifying itself as calling behalf of Enterprise in order to collect debts of varying amounts. The first such call was on or about December 5, 2007. A true and correct copy of a telephone bill showing some of the telephone interactions between Muth and ARS is attached, four pages in length, as Exhibit H. When Muth raised a question regarding the accuracy of the photographs provided by Enterprise, ARS threatened to make an entry on Muth's credit report.

19. As of February 12, 2008, no written communication has been received by Muth from ARS and notice of the alleged debt under 15 U.S.C. § 1692(g)(a)(3), (g)(a)(4), and (g)(a)(5) was never furnished. Muth was never informed by ARS of his right to dispute under 15 U.S.C. § 1692(g)(b).

20. In many instances, Enterprise's employees or agents have misrepresented the nature of the alleged damage to the Pontiac in one or more of the following ways:

    a) by representing that the damage to the Pontiac occurred while it was in Muth's possession;

    b) by representing that evidence existed as to damage to the Pontiac that did not, in fact, exist;

    c) by manufacturing or altering evidence which, though flawed, might lead a person to believe that damage existed on March 5, 2007;

    d) by failing to furnish an explanation of what evidence, if any, Enterprise can produce that damage occurred during Muth's possession of the Pontiac, rather than subsequent to March 5, 2007.

21. In many instances, ARS's employees or agents have misrepresented the nature of their legal obligations, in one or more of the following ways:

a) by representing that the duty to investigate disputed information that might impact the consumer's credit falls on the consumer, Muth, rather than on the agency, ARS;

b) by threatening to report negative information to credit bureaus without the required wording implemented by the U.S. Treasury Department for this purpose;

c) by threatening to "right away" report negative information without providing the 30-day window or the notice by writing provided for in the Fair Credit reporting Act, contrary to 15 U.S.C. § 1692(e) and (g);

d) by threatening to report negative information on Muth's credit as a method of attempting to intimidate Muth or motivate payment of the amount alleged to be owed, contrary to 15 U.S.C. § 1692(e)(8).

e) by failing to inform Muth of his right to dispute the debt and failing to issue a validation notice within five days of initially communicating with Muth, contrary to 15 U.S.C. § 1692(g).

f) by threatening to report false or disputed information on Muth's credit report, contrary to 15 U.S.C. § 1692(e)(8).

22. Muth never conceded liability for the underlying amount, or admitted that there was damage to the Pontiac. Muth never failed to dispute the debt in writing within the 30-day window, as the 30-day window never began to run because ARS never furnished proper notice under 15 U.S.C. § 1692(g)(a).

23. In a good faith attempt to settle the dispute with Defendants, Plaintiff dispatched a letter dated January 23, 2008 and Settlement Agreement and Release dated January 22, 2008. True and correct copies of the letter and Settlement Agreement are attached hereto as Exhibits J and K, respectively. After receiving no response, Muth sent another letter and copies of the original letter and Settlement Agreement to Enterprise on February 13, 2008 via regular and certified post. A true and correct copy of this second letter, dated February 12, 2008, is attached hereto as Exhibit L; a true and correct copy of the certified mail receipt for Exhibit L is attached hereto as Exhibit M.

FAIR CREDIT REPORTING ACT VIOLATIONS

Count One

24. Muth re-alleges and re-asserts paragraphs 1 through 23 of his Complaint as though fully set forth herein as paragraph 24 of his Complaint.

25. In the course and conduct of its debt collection business, Defendant ARS has represented, expressly or by implication, that Muth would:

    a) be subject to instantaneous or arbitrary reports affecting his credit;

    b) not be able to object if ARS reported inaccurate information to credit agencies;

    c) be the one responsible for investigating disputed information.

26. In truth and in fact, in many instances, Muth was not subject to arbitrary reports without warning affecting his credit, was able to object to inaccuracies in ARS's reporting, and ARS and the credit agencies -- rather than Muth -- were responsible for ensuring the accuracy of credit bureau information.

27. Defendant ARS engaged in, or caused others to engage in, practices that constitute deceptive acts inconsistent with what the law requires of consumer reporting agencies as defined in § 603(f) of the Fair Credit Reporting Act where the information dealt with is of the sort contemplated in § 603(d).

28. Pursuant to 15 U.S.C. § 1681(a)(4) and (b), efforts by consumer reporting agencies such as Defendant ARS that prioritize the need for collection success above the need for accurate and relevant information run counter to -- and violate -- the Fair Credit Reporting Act. The lack of proper notice and the mischaracterization of the relationship between ARS and Muth are exactly the sorts of unreasonable procedures 15 U.S.C. § 1681(b) was crafted to combat.

29. ARS's consistent and willful disregard of the Fair Credit Reporting Act makes damages under 15 U.S.C. § 1681(n) appropriate. Alternatively, should this Court find that ARS acted negligently rather than with willful disregard of the Fair Credit Reporting Act, damages under 15 U.S.C. § 1681(o) are appropriate.

WHEREFORE, Plaintiff, Muth, requests this Court to award One Thousand dollars ($1,000.00) as provided for under 15 U.S.C. § 1681(n)(b) and One Hundred dollars ($100.00) as provided for under 15 U.S.C. § 1681(n)(a)(1)(A) and the costs of this action as provided for under 15 U.S.C. § 1681(o)(a)(2).

## FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

### Count Two

30. Muth re-alleges and re-asserts paragraphs 1 through 29 of his Complaint as though fully set forth herein as paragraph 30 of his Complaint.

31. In the course of attempting to collect money from Muth, Defendant ARS has caused misrepresentations contrary to the Fair Debt Collection Practices Act to be made to Muth, including misrepresentations involving substantive rights enumerated under the statute.

32. Defendants threatened Muth, or caused Muth to be threatened, with erroneous changes to his credit history or entries on records represented to be related to his credit history in violation of 15 U.S.C. § 1692(e)(8).

33. Defendant ARS failed to notify Muth in writing of its intentions within five days of initially contacting Muth, in violation of 15 U.S.C. § 1692(g).

34. Defendants failed to notify Muth of his right to contest the debt in question in writing within the 30-day window provided by 15 U.S.C. § 1692(g).

35. Defendants failed to acknowledge, note, or communicate that Muth disputed the debt, in violation of 15 U.S.C. § 1692(e)(8).

36. Defendants demanded amounts in excess of the amount Enterprise, at any time, alleged was owed contractually or under any other theory, in violation of 15 U.S.C. § 1692(f)(1).

37. By engaging in violations of the Fair Debt Collection Practices Act, Defendants are vulnerable to a claim for money damages in view of 15 U.S.C. § 1692(k)(a)(2)(a).

WHEREFORE, Plaintiff, Muth, requests this Court to award money damages in the amount of One Thousand Dollars ($1,000.00), an amount available in view of 15 U.S.C. § 1692(k)(a)(2)(a) and 15 U.S.C. § 1692(k)(b)(1).

ILLINOIS CONSUMER FRAUD AND DECEPTIVE PRACTICES ACT VIOLATIONS

Count Three

38. Muth re-alleges and re-asserts paragraphs 1 through 37 of his Complaint as though fully set forth herein as paragraph 38 of his Complaint.

39. By engaging in the practices set forth in paragraphs 18-22, 25, and 27-28 above, Defendants have engaged in deceptive practices in or affecting commerce in violation of Section 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

40. By not disclosing Muth's right to contest the debt in question and by not contacting Muth, in writing, using the approved statutory language, Defendant ARS engaged in the "concealment, suppression or omission" of a material fact, as contemplated by the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. Court costs are available under 815 ILCS 505. See Molden v. Reid, 200 Ill.App.3d 495, 558 N.E.2d 239, 146 Ill.Dec.276 (Ill. App. 1st Dist. 1990).

WHEREFORE, Plaintiff, Muth, requests this Court to award Plaintiff his court costs and such other relief as this Court deems just.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Muth, pursuant to 15 U.S.C. § 1681(n), 15 U.S.C. § 1681(o), 15 U.S.C. § 1692(k), the Illinois Consumer Fraud and Deceptive Practices Act, and the Court's own equitable powers, request that this Court:

1. Enter judgment against Defendants and in favor of Plaintiff for each violation alleged in this complaint;

2. Enter a declaratory judgment that Plaintiff owes a sum of zero dollars ($0) to Defendants as to the alleged debt in question;

3. Award to Plaintiff and against Defendants One Thousand dollars ($1,000.00) as provided for under 15 U.S.C. § 1681(n)(b) and One Hundred dollars ($100.00) as provided for under 15 U.S.C. § 1681(n)(a)(1)(A);

4. Award the costs of this action as provided for under 15 U.S.C. § 1681(o)(a)(2);

5. Award to Plaintiff and against Defendants in the amount of One Thousand dollars ($1,000.00), the maximum money damages amount available in view of 15 U.S.C. 1692(k)(a)(2)(a).

6. Such other relief as may be just and proper.

Karl T. Muth
61 West 15th Street #208            Karl T. Muth, *pro se*
Chicago, Illinois 60605
312.952.6000 / rhetoric@aol.com     _____

Index of Exhibits

| | |
|---|---|
| A. | Contracts by and between Enterprise and Muth |
| B. | Letter from Enterprise to Muth (Dated June 22, 2007) |
| C. | Photograph of Pontiac |
| D. | Photograph of Pontiac |
| E. | Photograph of Pontiac |
| F. | Photograph of Pontiac |
| G. | Computer Screen Showing Photograph EXIF Data |
| H. | Portions of Muth's Telephone Bill (Four Pages in Total) |
| I. | --- Intentionally Omitted --- |
| J. | Letter from Muth to Enterprise (Dated January 23, 2008) |
| K. | Settlement Agreement offered by Muth to Enterprise (Dated January 22, 2008) |
| L. | Letter from Muth to Enterprise (Dated February 12, 2008) |
| M. | Certified Mail receipt for Exhibit L (Dated February 13, 2008) |
| 1. | Affidavit of Karl T. Muth |